UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILSON EARL LOVE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>　　　　　　Defendants. | Case No. 2:15-cv-01306-APG-GWF<br><br>**ORDER DENYING MOTIONS TO AMEND COMPLAINT**<br><br>(ECF Nos. 21, 26, 28) |

　　　　Plaintiff Wilson Earl Love's two-page complaint alleges that the State of Nevada and Stewart L. Bell violated his 4th, 5th, 6th, and 14th Amendment rights. ECF No. 3.  He previously filed two motions to amend his complaint, which I denied because he failed to allege any specific facts to support his claims. ECF No. 19.  I allowed him one final attempt to amend his complaint, which he filed on April 25, 2016. ECF No. 20.  Since then, he has filed two more motions to amend his complaint.  *See* ECF Nos. 26, 28.[1]

　　　　Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted).

　　　　Love's latest attempts suffer from the same defects as his last: he offers no specific allegations to support any of his claims.  His proposed complaints contain the same conclusory statements about the defendants' acts, with no specific allegations that could make his claims plausible.  He says that the defendants detained him "contrary to orders of the court" and proceeded to trial against him "without cause." ECF No. 20.  These are the same allegations that I

---

[1] Love also filed a motion asking about the status of his amended complaint. ECF No. 21.

ruled in my previous order were not enough to state a claim. *See* ECF No. 11-3.  A complaint must contain sufficient factual allegations which, if accepted as true, would state a claim for relief that is plausible. *Id.*  Thus, I dismiss Love's amended complaint.

As I stated in my prior order, Love's original complaint likewise contained insufficient factual allegations to support his claims.  Because I already warned Love that his case would be dismissed if he did not file an adequately-supported complaint, and because there is no indication any of his claims are plausible, I dismiss his complaint.

IT IS THEREFORE ORDERED that the plaintiff's motions to amend **(ECF Nos. 26, 28) are DENIED**.

IT IS FURTHER ORDERED that plaintiff's amended complaint **(ECF No. 20) is DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that plaintiff's motion for clarification **(ECF No. 21) is DENIED** as moot.

The Clerk of Court is instructed to close this case.

DATED this 13th day of March, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE